UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KELVIN CHEUNG,<br><br>    Petitioner,<br><br>    v.<br><br>CALIFORNIA ATTORNEY GENERAL, et al.,<br><br>    Respondents. | No. CV 18-7935-PSG (PLA)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

On August 27, 2019, the United States Magistrate Judge issued a Second Report and Recommendation ("Second R&R"), recommending that the Petition be dismissed on the merits with prejudice. (ECF No. 37). On September 10, 2019, petitioner filed Objections to the Second R&R. (ECF No. 38).

Petitioner raises thirty-four separate objections, and the Court finds that a substantial number pertain to state law issues, such as alleged violations of procedures regarding state court competency hearings. (See ECF No. 38 at 10-20). Habeas relief, however, is available only to state prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. In a federal habeas proceeding, a court is limited to deciding whether a prisoner's conviction violated the Constitution, laws or treaties of the United States, as habeas relief does not lie for errors of state law. Estelle v. McGuire, 502 U.S. 62, 67, 112 S.Ct. 475, 116

L.Ed.2d 385 (1991). Accordingly, to the extent petitioner in his objections asserts violations of state law, his claims are not cognizable in this habeas proceeding.

Petitioner also directs objections at the California Court of Appeal's factual findings. (See ECF No. 38 at 9). Although petitioner cites examples of what he believes to be factual inaccuracies in the court of appeal's opinion, the purported inaccuracies that he identifies are not material to any of his grounds for relief. Moreover, with respect to his plea hearing, the Magistrate Judge in the Second R&R conducted an independent review of the record when determining that petitioner's plea was voluntary and intelligent. Accordingly, the Court finds no merit to these objections.

Next, petitioner in his Objections attacks the validity of his plea by pointing out that, just before the plea colloquy commenced, his counsel and the trial court discussed where petitioner might be placed to serve his 180-day term in a residential mental health treatment program. In particular, the transcript reflects the following exchange:

| [The Court]: | So that's where we are today. So he's your lawyer. And, at this point, the question is would you like to accept the offer or not? And that's really the only issue we have to resolve. |
|---|---|
| | The only other question I have is that, [defense counsel], in the event there is . . . a desire to resolve the matter, what is contemplated as far as the six month live-in program? |
| [Defense Counsel]: | We have a program[ ] called Hillsman. Hillsman has a mental health component in it. There is a letter from AIR in the court file. |
| [The Court]: | Okay. |
| [Defense Counsel]: | They have a bed ready for him. That's just a matter of authorizing AIR to pick him up and deliver him there. |
| [The Court]: | Okay. All right. |

(ECF No. 19-1 at 188-89).

Petitioner asserts that after his sentencing on March 10, 2016, he was not transferred to his residential treatment program until sometime in May 2016, and that he "was never transferred or enrolled in any Hillsman Program." (ECF No. 38 at 27).

The Court notes that during the plea colloquy, the trial court explained to petitioner the details of the plea offer by stating:

> So the offer is going to be an open plea to the court on all three counts. It will be five years of felony probation, credit time served. Five years state prison, execution of sentence suspended. And then a six-month conditional release to a . . . live-in mental health program. And then other standard terms and conditions of probation.

(ECF No. 19-1 at 190). Petitioner has not demonstrated that any term of his plea offer was not fulfilled. Although defense counsel mentioned a specific mental health program that had current availability, petitioner, when entering his plea, was never promised by the prosecution or trial court that he would be transferred to any particular treatment center at any particular time. Nor is there any indication in the record that petitioner entered his plea based on his belief that he would be placed in the Hillsman program specifically. The Court finds that the brief discussion regarding the Hillsman program between defense counsel and the trial court fails to demonstrate that petitioner's subsequent plea was not voluntary or intelligent.

To the extent petitioner asserts that his plea terms were violated based on the failure to promptly transfer him to the Hillsman program, his claim is baseless. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). "Plea agreements are contractual in nature and measured by contract law standards." In re Ellis, 356 F.3d 1198, 1207 (9th Cir. 2004) (en banc) (citation omitted); Buckley v. Terhune, 441 F.3d 688, 695 (9th Cir. 2006) (en banc). Under "clearly established federal law[,] . . . the construction and interpretation of state court plea agreements 'and the concomitant obligations flowing therefrom are, within broad bounds of reasonableness, matters of state law.'" Buckley, 441 F.3d at 694-95 (quoting Ricketts v. Adamson, 483 U.S. 1, 6 n.3, 107 S.Ct. 2680, 97 L.Ed.2d 1 (1987)). "Under California law, a contract must be interpreted so as 'to give effect to the mutual intention of the parties as it existed at the time of contracting.'" Davis v. Woodford, 446 F.3d 957, 962 (9th Cir. 2006) (quoting Cal. Civ. Code § 1636). In so doing, "[a] court must first look to the plain meaning of the agreement's language." Buckley, 441 F.3d at 695 (citing Cal. Civ. Code §§ 1638, 1644).

As set forth above, the plea offer included a "six-month conditional release to a . . . live-in mental health program." (ECF No. 19-1 at 190). Neither the prosecutor, nor the trial court, stated that petitioner would be transferred to any particular program by any particular deadline. Accordingly, petitioner has not demonstrated that his transfer in May 2016 to a different treatment center violated the terms of his plea deal.

Petitioner also raises objections regarding his Marsden motions to substitute counsel.[1] While petitioner is correct that he was entitled to have a hearing on his first Marsden motion on August 20, 2015, after the trial court suspended proceedings to hold a competency hearing (see People v. Stankewitz, 51 Cal.3d 72, 87-88 (1990) ("While it is true that [California Penal Code] section 1368 mandates the suspension of 'all proceedings in the criminal prosecution' once the court has ordered a hearing into the mental competence of the defendant [citations] it is equally true that the Sixth Amendment right to effective representation virtually compels a hearing and an order granting a motion for substitution of counsel when 'there is a sufficient showing that the defendant's right to the assistance of counsel would be substantially impaired if [the defendant's] request was denied.'")), he nevertheless fails to show that the failure to have the hearing had an impact on the intelligent or voluntary nature of his plea in February 2016. See United States v. Foreman, 329 F.3d 1037, 1039 (9th Cir. 2003) ("Failure to substitute counsel does not by itself render a plea involuntary. . . [and] the right to appeal a pre-plea motion for substitution is waived by an unconditional guilty plea, unless the plea itself is challenged."), overruled on other grounds by United States v. Jacobo Castillo, 496 F.3d 947, 949 (9th Cir. 2007) (en banc).

As set forth in the Second R&R, on August 20, 2015, after the parties stipulated that petitioner was incompetent, the trial court stated in pertinent part: "I agree with their stipulation. I've seen you in court. . . . [¶] I agree with their assessment. I do not believe you are mentally competent at this time." (ECF No. 19-1 at 162). Thus, based on the trial court's own asserted doubt about petitioner's competence, even if petitioner's Marsden motion had been heard at that time and counsel was substituted, the trial court was still authorized to suspend proceedings and

---

[1] People v. Marsden, 2 Cal.3d 118, 84 Cal.Rptr. 156 (1970).

order the competency hearing. See Cal. Penal Code § 1368(b) ("If counsel informs the court that he or she believes the defendant is mentally competent, the court may nevertheless order a hearing."). Moreover, although petitioner asserts that the failure to hold the Marsden hearing resulted in his hospital commitment and the involuntary medication order, he fails to demonstrate that these subsequent events actually impacted the validity of his plea, which was entered two months after he returned to court as competent to stand trial.[2] As the Second R&R sets forth, the transcript of his plea colloquy reflects that petitioner understood the plea offer, his waiver of rights, and the consequences of his plea such that the entry of the plea was voluntary and intelligent.

The Court finds that petitioner's remaining objections are adequately addressed in the Second R&R.

## CONCLUSION

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, the Magistrate Judge's Second Report and Recommendation, and petitioner's objections to the Second Report and Recommendation. The Court has engaged in a de novo review of those portions of the Second Report and Recommendation to which objections have been made. The Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The Second Report and Recommendation is accepted.
2. Judgment shall be entered consistent with this Order.
3. The clerk shall serve this Order and the Judgment on all counsel or parties of record.

DATED: 9/16/18

HONORABLE PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

---

[2] On December 29, 2015, the trial court found that petitioner was competent and reinstated criminal proceedings. (ECF No. 18-1 at 2; ECF No. 19-1 at 174-75). Petitioner entered his plea on February 29, 2016. (ECF No. 18-2 at 5).